## Cope Trust.

Argued April 20, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

reargument refused May 26, 1943.

*Henry D. O'Connor,* for appellants.

*Edwin S. Heins,* of *Raspin, Espenshade & Heins,* with him *William M. Boenning* and *A. Archer Cross,* for appellee.

OPINION BY MR. JUSTICE PARKER, May 10, 1943:

Land Title Bank and Trust Company, trustee named in a trust agreement dated in 1898, received an offer to purchase a parcel of real estate forming a part of the corpus of the trust estate. The trustee had the power to sell real estate at public or private sale. However, as one of the life tenants and some of the remaindermen opposed the sale the trustee entered into an agreement for the sale of the premises for $20,000 subject to the approval of the Orphans' Court of Philadelphia County. The agreement provided for a substantial down payment, the balance to be secured by a mortgage on the premises. Thereupon the trustee presented a petition for approval of the sale to the orphans' court under the Revised Price Act of June 7, 1917, P. L. 388, as amended (20 PS 1561 et seq.). The court referred the petition to a master, an experienced and able member of the Philadelphia bar, who found that the requirements of the Revised Price Act were complied with and recommended that the sale be made. Before the master filed his report the purchaser agreed to pay the entire consideration in cash. The orphans' court, consisting of six judges, unanimously approved the report of the master and entered a final decree.

The principal contention of the appellants is that the evidence as to the value of the property and the advisability of a sale does not support the decree. Parties representing at least one-half of the beneficial interests in the trust have approved the sale. Since the master and the members of the orphans' court, all persons who have knowledge of local values and conditions, were of one mind, it is a heavy burden which appellants carry when they ask this court to reverse the decree. We might add that the record shows that the question had unusual care and consideration by both master and court. If the evidence supports the decree and no principle of law is violated the decree must be affirmed.

The decree is supported by the record. Two real estate agents of large experience testified that the price offered was a full and fair price for the land and a better price than could be obtained at public sale. In addition there was much confirmatory evidence. The building, although a fine construction in its day, is now antiquated. Of the five stories the upper three have not been tenanted for a long period. From September, 1931, to and including 1937 it was rented but with a "net operating deficit" of $8,230.71. For the years 1938 to 1941 it yielded a net annual revenue of $50.45. By a capital expenditure of a considerable sum the net revenue might be substantially improved if the tax assessment should be reduced. It probably would be necessary to remove the upper three stories and construct a new roof as well as to make a considerable number of other improvements. Under these circumstances we cannot say that the trustee did not use fair and reasonable care and prudence and good business judgment, or that the court below abused its discretion.

A portion of appellants' argument is devoted to a discussion of the right of the life tenants to reimbursement on account of the deficits occurring when the real estate was operated at a loss: *Nirdlinger's Estate, (No. 2)*, 327 Pa. 171, 193 A. 30. That problem is not

before the court at the present time. The findings of the master, approved by the orphans' court, support the decree without consideration of that question.

The appellants also assigned as error the failure of the court below to charge the costs of this proceeding to the trustee. The disposition of costs was a matter lying peculiarly within the legal discretion of that court. We find no abuse of discretion.

The decree of the court below is affirmed, the appellants to pay the costs of this appeal.